Per Curiam.

The counsel for the appellee contends, that as the sum of $ 3000 was allowed by the judge of probate, who had power to form an opinion upon all the circumstances of the case, his decree ought to operate as prima facie evidence of the exercise of a sound discretion, and that strong evidence should be required to rebut it. We think that is not the nature of an appeal. The court of appellate jurisdiction is to revise the case upon the evidence produced, uninfluenced by the decision of the court below.
The object of the clauses referred to in the statutes of 1805 and 1816, was to make a temporary provision for the widow. As the word necessary is used, she must be restricted to such an allowance as is required by the situation of her family, for their reasonable comfort. If the widow is accustomed to hard labor, and has no child and can earn her living, a less sum will be necessary ; but if she is not accustomed to labor, or not able by reason of ill health, these circumstances are proper to be considered by the judge, as grounds for a more libera] allowance.
Taking into view the amount of the estate in question, and the fact that the widow is entitled to half of the personal estate not required for the payment of debts, and to her dower in the real estate, we think the allowance of $ 3000 was too much, and that the sum of $ 1000 is enough. She will have besides, $ 500 as her half of the personal estate, and her dower. This will enable her to live comfortably.

 See Revised Stat. c. 65, § 4; Washburn v. Hale, post, 429.